'J. R. Robinson *v.* G. M. Martin.

[60 South. 769.]

Executors and Administrators. *Sale of lands to pay debts. Application. Burden of proof. Code 1906, section 574.*

Where an administrator petitions the court for the sale of the lands of his decedent to pay debts, under Code 1906, section 574, so providing, the burden of proof is on the administrator to show by proper evidence that the land was an asset of the estate of his decedent, and was such an asset as the court could order sold for the payment of debts.

APPEAL from the chancery court of Smith county.
HON. SAM WHITMAN, Chancellor.

Petition by G. M. Martin, administrator, against J. R.
Robinson, for authority to sell lands of the estate to pay
debts. From a decree for petitioner, defendant appeals.
The facts are fully stated in the opinion of the court.

*Wills & Guthrie,* attorneys for appellant.

Under the well-settled principles of law that pleadings
are construed most strongly against the pleader, this bill
shows that the six acres of land was the homestead of
the said J. H. Robinson, and that it was exempt prop-
erty, and therefore not subject to his debts. The burden
is upon the party who seeks to subject property to the
payment of debts to plead and prove that it is subject to
the payment of the debts by allegations and proof that
brings it without legal exemption that the law of the state
guarantees to its citizens. Exemptions are legal rights
and not legal privileges to be claimed by the exemption-
ist, and therefore, the burden was upon the complainant
to plead and prove that the property was not exempt,
and having failed so to plead, the ground of demurrer
thus urged, was well taken. See *Richardson* v. *Marquez,*
59 Miss. 80.

The bill is clearly defective, when attached by demur-
rer, in the description of the property sought to be sub-
jected to the payment of the debt. The description con-
tained in the bill is void for uncertainty, the test being
for deeds, and which test must apply as well to a bill of
complaint seeking to subject the property to the pay-
ment of debts, can a surveyor from a description thus
given locate the property? If it can be so located, the
description is sufficient; if it cannot, it is void for uncer-
tainty. See *W. C. Early & Co. et al.* v. *Long,* 89 Miss.
285, 42 So. 348; *Smith* v. *Proctor,* 139 N. Car. 314, 2 L.
R. A. (N. S.) 172; *Hanna* v. *Palmer,* 194 Ill. 41, 56 L. R.
A. 93; *Richardson* v. *Marqueze,* 59 Miss. 80; Devlin on
Deeds, p. 1907, sec. 1010, *et seq.*

It was error for the court to grant the relief prayed for in the original bill of complaint, and order the land sold for the payment of the debt of the said J. H. Robinson, deceased. The bill being traversed by the answer under oath, the burden rests upon the complaint to prove every material allegation of the bill of complaint, so traversed, necessary to entitle him to the relief sought. The answer denies that the property was subject to the debts of the said J. R. Robinson, deceased, and affirmatively alleges that at the time of his death it was his homestead, upon which he resided with member of his family, and as such was exempt property. Thereupon the burden rested upon the complainant to show by proof sufficient to overcome the sworn answer of the defendants, which would require the testimony of two witnesses, or the testimony of one witness and corroborating circumstances, that the property was not the homestead of the said J. H. Robinson, that he was not entitled to claim it as exempt property, or that its value was in excess of three thousand dollars. In *Dailey* v. *State's Use, etc.,* 56 Miss. 475, this court said:

"The court erred in its charge with reference to the wagon owned by Dilahunty, one of the defendants in execution, which it was claimed, was exempt property. Dilahunty stated that he had no property liable to execution. He then, in response to a cross-interrogatory, stated that he owned a wagon worth seventy-five dollars. One wagon is by law exempt to every householder living in the country, and personal property, to be selected by the debtor, not exceeding two hundred and fifty dollars in value, is exempt to every resident of a town. The court charged that the sheriff must show that Dilahunty lived in the country, or that, living in the town, he had selected this wagon. This was wrong, because the witness having stated that he had no property liable to execution, it must be presumed, in the absence of the further proof, that the wagon was so held as to be by law exempt; and

even if he lived in town, there could be no duty of selection unless he owned more personal property than was by law exempt. There can be no obligation to select until the limit of the law is exceeded. When therefore, the witness stated that he owned a wagon, the burden was upon the plaintiffs to show that this wagon was liable.''

See to the same effect *Kolsky* v. *Loveman,* 97 Ala. 543, 12 So. 720, in which the Alabama court in discussing the burden of proof, where exempt property is claimed, said: ''The only issues which the contest of the defendant's claim of exemption could present under the foregoing facts were: First, whether the value of the property levied on was within the one thousand dollars limitation of exemption of personalty; and second, whether the defendant had other personalty which, together with this, exceeded in value one thousand dollars. The onus of proof was on the plaintiff. No evidence was offered tending to show either that this property was worth more than one thousand dollars, or that the defendant had other personal property which should be taken into account in determining his right to have this declared exempted to him. On this state of case there was nothing for the lower court to do but to adjudge that the property levied on was not subject to plaintiff's attachment; and this was the judgment rendered.''

The burden being thus cast upon the plaintiff and his failure to introduce any testimony whatever to support the bill, the court below was without authority to grant the relief prayed for and should have dismissed the plaintiff's bill.

*Tullas & Martin,* for appellee.

The court was right in dismissing the cross-bill, overruling the demurrer and granting the relief prayed for in the original bill of complaint. The demurrer was not well taken because, first, the petition clearly alleges that at the time of the death of the said John H. Robinson, de-

ceased, he owned and left certain property subject to his debts, to-wit:  Six acres of land west of the Raleigh and Williamsburg public road, where the house, lot and garden of J. H. Robinson now stands, in the southeast quarter of the northwest quarter of section 7, township 1, range 8 east, situated in Smith county, Mississippi.  Second, the property is sufficiently described in the original bill of complaint, the test being for deeds.  See *Jenkins* v. *Bodley,* S. & M. Ch. 338; *Bigaman* v. *Hyatt,* S. & M. Ch. 437.

The court was right in dismissing the cross-bill and granting the relief prayed for in the original bill of complaint, because, first, the homestead exemption is merely a privilege dependent on occupancy as a home and having a family and it devolves upon the party seeking to exempt property, as a homestead, from the claims of creditors, to assert their claims and establish all the facts necessary to constitute the property a homestead.  The answer of the defendants affirmatively alleges that the said land in question is the homestead of the said J. H. Robinson, deceased, but fails to offer any testimony in support of said allegation, therefore the defense must fail.  See *T. J. Anderson* v. *E. H. Still,* 61 Miss. 391; *Goodloe* v. *Dean,* 81 Ala. 479, 8 So. 197; Cyclopedia of Law and Procedure, vol. 21, p. 638.

Second, the exception contained in the deed in which this six acres of land was conveyed, a copy of which deed is on page 14 of the records of this cause, sufficiently described the land and is not void for uncertainty.  In the case of *Bingaman* v. *Hyatt,* S. & M. Ch. 437, this court held that where the description given in a deed is imperfect, yet sufficient to point inquiry to the true locality and boundary of the land, then the deed is not void for uncertainty, but the defect may be cured by the aid of parol evidence in giving identity to the premises intended to be conveyed.  See *Jenkins* v. *Bodley,* S. & M. Ch. 338; *Tucker* v. *Field,* 51 Miss. 191; *Kyle* v. *Rhodes,* 71 Miss. 487, 15 So. 40.

Cook, J., delivered the opinion of the court.

Appellee, administrator of the estate of John R. Robinson, deceased, filed a petition in the chancery court, asking for authority to sell certain lands belonging to the estate for the purposes of securing funds to pay debts. The petition did not aver that there was no personal property available for the payment of debts.

J. R. Robinson, appellant, an heir at law of deceased, demurred to the petition, and assigned the following grounds: "(1) Because the said bill of complaint fails to allege that the six acres of land and dwelling house was not the homestead of the said deceased, and thereby exempt property. (2) Because the said bill of complaint fails to allege that the said deceased had a homestead other than the property contained in said bill of complaint and prayed to be ordered sold. (3) And for other causes to be shown on the hearing hereof."

The court overruled this demurrer, and appellant answered the petition, alleging, among other things, that the land in question was the homestead of deceased, and therefore exempt property, and afterwards made his answer a cross-bill, by further alleging that the land was conveyed to him by the deceased, but by error of the scrivener the deed was not so written as to carry out the purpose of the grantor, and praying for a reformation of the deed, which relief, if granted, would fix the title in appellant, and the land would, therefore, not be a part of the estate of deceased.

Proof was taken upon the mistake in the deed, which tended to establish the contention of appellant. By agreement, the whole matter was submitted to the chancellor upon the pleadings and the proof concerning the alleged mistake in the deed. No proof was taken as to whether the land in controversy was the homestead of deceased at the time of his death, but there are certain scraps of evidence tending inferentially to prove that the deceased was living upon the land, with a part of his family, prior to and at the time of his death.

The chancellor entered a decree condemning the land to sale for the payment of the debts, and appointed a commissioner to make and report the sale. Except in this general way, no order was made disposing of the cross-complaint praying for a reformation of the deed.

Section 574, Code 1906, provides that in matters testamentary and administrative no answer shall be required to a petition of any sort, "and such petition or application shall not be taken as confessed; . . . but every petition, application, or account shall be supported by the proper evidence," etc. The petition and other pleadings raised several questions of fact. Nevertheless no evidence was taken in support of the petition; the chancellor seeming to proceed upon the theory that the burden of proof was upon respondent to overthrow the averments of the petition, and that, in the absence of proof, the averments must be taken as true.

We think section 574 of the Code fixes this burden upon the petitioner, and it was incumbent upon the administrator to show by proper evidence that the land was an asset of the estate of his decedent, and was such an asset as the court then could order sold for the payment of debts.

*Reversed and remanded.*